IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL W. McCARTNEY,

    Plaintiff,

v.                                         Civil Action No. 5:07CV103
                                                      (STAMP)

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING IN PART AND ADOPTING IN PART
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Michael W. McCartney, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. In the application, the plaintiff alleges disability since February 15, 2002, due to reactive airway disease syndrome ("RADS"); skin disease resulting from an occupational injury; a deformed left arm; and nerve damage to the surface nerves, legs, and arm.

The state agency denied the plaintiff's application initially and on reconsideration. By plaintiff's request, a hearing before an Administrative Law Judge ("ALJ") was held. Subsequently, the ALJ issued a decision finding that the plaintiff was not under a

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

disability as defined by the Social Security Act.  The Appeals Council, after receiving and considering additional, previously unavailable, medical evidence denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  Magistrate Judge Seibert considered the cross motions for summary judgment and submitted a report and recommendation.  In his report, the magistrate judge recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  The plaintiff filed timely objections.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in part; that the plaintiff's motion for summary judgment

should be granted in part and denied in part; and that the defendant's motion for summary judgment should be granted in part and denied in part.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections were received in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which the plaintiff has objected. All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of

any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In her motion for summary judgment, the plaintiff argues that substantial evidence does not support the ALJ's finding that significant jobs exist in the national economy for someone with the plaintiff's limitations. In support of this contention, the plaintiff argues that the ALJ erred by finding that the plaintiff does not suffer from a severe mental impairment and by excluding such impairment in the Residual Functional Capacity ("RFC") assessment. The plaintiff also contends that the ALJ erred by failing to order a psychological consultative examination.

4

Additionally, the plaintiff argues that the ALJ erred by relying upon the testimony of the Vocational Expert ("VE") concerning the number of suitable jobs available in the national economy because the VE's testimony did not properly account for the limitations on walking, repetitive fingering, reaching and handling, and entry-level job type which the ALJ had identified in the RFC hypothetical presented to the VE.

The defendant argues that substantial evidence supports the ALJ's conclusion that the plaintiff's impairments do not prevent him from performing a significant number of sedentary jobs available in the national economy. The defendant contends that the ALJ did not err by finding that the plaintiff has no severe mental impairment and that the additional psychological evaluations submitted to the Appeals Council and made part of the administrative record contain nothing that would have changed the ALJ's decision in this case. The defendant also argues that VE properly accounted for the RFC limitations and that the ALJ's acceptance of the VE's opinion concerning the jobs available to and suitable for the plaintiff was not in error.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v.

5

Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.   Severity of Plaintiff's Mental Impairment

In his report and recommendation, Magistrate Judge Seibert concluded that substantial evidence supports the ALJ's determination that the plaintiff has no severe mental impairment. In reaching this conclusion, the magistrate judge considered both the record before the ALJ and the additional medical evidence in opinion reports from two psychologists, Joseph A. Shaver, Ph.D., and Morgan D. Morgan, M.A., which were submitted to the Appeals Council and incorporated into the record after the ALJ issued his decision. Both Dr. Shaver and Mr. Morgan diagnosed the plaintiff with severe, recurrent major depressive disorder without psychotic features. The Appeals Council permitted the submission of these reports, but it ultimately denied review of the ALJ's decision. In its denial order, the Appeals Council stated that it had considered the additional evidence but that "this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 7.)  The Appeals Council offered no further explanation of the weight it attributed to the additional evidence.

Although the magistrate judge relied in part upon the additional evidence to find that substantial evidence in the record supports the ALJ's conclusion that the plaintiff does not suffer from a severe mental impairment, this Court finds that a meaningful review of the record is not possible without an understanding of the weight attributed to the additional evidence submitted by the plaintiff and accepted and incorporated into the record by the Appeals Council after the ALJ issued his decision.

Under the regulations, this Court has no jurisdiction to review the decision of the Appeals Council because the ALJ's decision became the final decision of the Commission when the Appeals Council denied review. 20 C.F.R. § 404.981; Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Accordingly, this Court has jurisdiction only over the ALJ's decision to deny the plaintiff's request for benefits, not the Appeals Council's decision denying review. However, any meaningful review of the ALJ's decision by this Court must consider the psychological reports that the Appeals Council incorporated into the administrative record as new and material evidence. See Wilkins, 952 F.2d at 96. Under these circumstances, this Court is being asked to review a record which contains evidence that the ALJ

has not seen, and therefore not evaluated, but that the Appeals Council considered without discussing.[2]

In this case, the additional evidence incorporated by the Appeals Council potentially contradicts the ALJ's conclusion that the plaintiff's mental impairment is not severe. To determine whether the additional evidence supports the conclusion that the record contains substantial evidence to uphold the ALJ's denial of benefits, this Court must, in the absence of an explanation by the Appeals Council, evaluate the additional psychological reports from Dr. Shavers and Mr. Morgan and weigh that evidence against the other evidence in the record. Such an undertaking would run afoul of well-established Fourth Circuit precedent that a reviewing court is not to weigh evidence, which is a function to be undertaken solely by the Commissioner. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Strawls v. Califano, 596 F.2d 1209, 12 13 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

---

[2]The United States Court of Appeals for the Fourth Circuit appears to have no published decision addressing the issue of whether the Appeals Council must explain its treatment of additional evidence, and although two unpublished opinions do address this issue, they are in conflict. Compare Hollar v. Commissioner of Soc. Sec., 1999 WL 753999 (4th Cir. 1999) (Appeals Council not required to discuss its treatment of additional evidence because regulations do not require it to do so) with Thomas v. Commissioner of Soc. Sec., 24 Fed. Appx. 158, 2001 WL 1602103 (4th Cir. 2001) (Appeals Council must indicate reasons for discounting additional evidence).

Although the Appeals Council appears to be under no statutory or regulatory duty to do otherwise, its failure to discuss its evaluation of the new evidence and the weight attributed to it makes meaningful review by this Court impossible. See DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) (holding that "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator"). Because considering the reports by Dr. Shaver and Mr. Morgan would require this Court to overstep its authority by evaluating, weighing and resolving conflicts in the evidence presented, this Court declines to consider the additional evidence. Accordingly, this Court also declines to address the issues raised by the parties concerning the severity of the plaintiff's mental impairment and finds that remand is appropriate so that the Commissioner can articulate his assessment of the reports by Dr. Shaver and Mr. Morgan in light of the other evidence in the record.

B.  <u>Availability of Suitable Jobs in the National Economy</u>

In his report and recommendation, the magistrate judge concluded that the ALJ did not err by relying upon the testimony of the Vocational Expert ("VE") concerning the availability of suitable jobs in the national economy, except for relying on the VE's testimony that the plaintiff could perform the work of an information clerk. Specifically, the magistrate judge found that the VE's testimony properly accounted for the limitations on

9

walking and entry-level job type, which the ALJ had identified in the RFC hypothetical presented to the VE, but that the ALJ erred by finding that the plaintiff could perform the job of information clerk because such work requires repetitive fingering, which the ALJ had determined the plaintiff unable to do. However, the magistrate judge concluded that this error did not warrant remand because a sufficient number of other jobs that plaintiff could perform are available in the national economy. Therefore, the magistrate judge concluded, the ALJ had met his burden at step five of the sequential analysis. The magistrate judge also found that the ALJ was under no duty to order a psychological evaluation to confirm whether the plaintiff's depression should be incorporated into the RFC limitations.

The plaintiff objects to the finding that substantial evidence supports the ALJ's conclusion that a significant number of suitable jobs are available in the national economy because the ALJ failed to consider the plaintiff's mental impairment, which the plaintiff argues should be found severe, and because the VE failed improperly accounted for the plaintiff's physical limitations.

As discussed above, this Court declines to review the ALJ's determination that the plaintiff does not have a severe mental impairment. Accordingly, this Court also declines to review the ALJ's decision to omit the plaintiff's depression as a mental impairment in the ALJ's RFC and hypothetical to the VE. However,

10

upon de novo review of the record, this Court finds that the magistrate judge's findings that substantial evidence supports the ALJ's conclusion that sufficient jobs accommodating the plaintiff's RFC limitations are available in the national economy should be affirmed to the extent that those findings pertain to the plaintiff's physical limitations.

First, contrary to the plaintiff's contentions, the VE identified three jobs in the national and regional economies that exist in sufficient numbers and that accommodate the plaintiff's RFC limitations. Even if the ALJ erred by including the position of information clerk among those that accommodated the plaintiff's RFC, such error would not require remand because the VE identified two other suitable jobs--non-emergency dispatcher and telephone interviewer--which exist in significant numbers in the national and regional economies. See 20 C.F.R. § 404.1566(b) (ALJ satisfies burden at step five of the sequential analysis by showing of even one job that exists in significant numbers in the national economy). Therefore, the ALJ's error in including the position of information clerk does not warrant remand.

Second, the VE properly accounted for the plaintiff's functional limitation of no extended walking at the job site. The hypothetical presented to the VE included a limitation of very limited walking at the job site. The phrase "no extended walking" presents no difference in meaning from the phrase "very limited

11

walking." The choice of phrase by the ALJ adequately reflects the plaintiff's limitations. The jobs identified by the VE appear to this Court to accommodate this functional limitation, and the plaintiff has offered no evidence to support a conclusion that they would require extended walking or more than limited walking.

Third, the ALJ erred by relying upon the VE's opinion that the plaintiff could perform the job of information clerk. However, as discussed above, this error does not warrant remand because the VE identified two other suitable jobs available in the national economy. As the magistrate judge concluded, the jobs identified by the VE comport with the RFC limitation on the plaintiff's pushing or pulling with his left upper extremity. Although the plaintiff correctly observes that the jobs cited by the VE involve reaching and handling, the magistrate judge correctly found that the plaintiff has failed to demonstrate that the reaching and handling required by the cited jobs involve the kind of exertion or movement entailed in pushing or pulling with the left upper extremity.

Fourth, the ALJ properly accepted the VE's assessment that the job of non-emergency dispatcher accommodates the plaintiff's RFC limitations. The ALJ limited the plaintiff to entry-level work. The VE included the job of non-emergency dispatcher as an entry-level job even though it might require more than thirty days of training because the job falls at the lowest end of the semi-skilled level. The VE testified that in her experience, no

12

meaningful distinction exists between entry-level work and the lower limits of semi-skilled level work. The ALJ reasonably relied upon the VE's testimony, as contemplated by Social Security Rule 00-4p. See SSR 00-4p ("Information about a particular job's requirements . . . may be available from a [Vocational Expert's] . . . experience in job placement."). Accordingly, this Court finds that substantial evidence supports the ALJ's conclusion that a significant number of jobs accommodating the plaintiff's physical RFC limitations exist in the national and regional economies.

Finally, as to the omission of any mental impairment, the plaintiff relies heavily upon the psychological reports submitted by Dr. Shaver and Mr. Morgan to support his argument that the RFC failed to include all relevant limitations. The plaintiff also argues that the ALJ erred by failing to order a consultative psychological evaluation.[3] As discussed above, this Court declines to review whether the ALJ's conclusion concerning the severity of the plaintiff's mental impairment is supported by substantial evidence. However, this Court agrees with the magistrate judge that under the circumstances of this case, the ALJ had no duty to order consultative psychological examination. Section 421(h) of Title 42 United States Code provides:

---

[3]The reports by Dr. Shaver and Mr. Morgan were prepared in conjunction with a separate social security claim, which is not before this Court.

> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security had made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h).

Here, although several physicians diagnosed the plaintiff with depression, the diagnoses by Dr. Ducatman and Dr. Orvik are presented as conclusory impressions and without supporting objective evidence, and the diagnosis by Dr. Rahman concluded that the plaintiff suffered from anxiety and depression but failed to indicate that the plaintiff's depression posed any limitation on the plaintiff's ability to work. On the basis of the evidence in the record, this Court finds that the ALJ was under no duty to order a psychological consultative examination.

## IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review of the record, and for the reasons stated above, it is ORDERED that the report and recommendation of the magistrate judge be OVERRULED IN PART and AFFIRMED and ADOPTED IN PART. Specifically, this Court OVERRULES those portions of the report and recommendation which consider the additional evidence submitted to the Appeals Council and which find that substantial evidence supports the Administrative Law Judge's determination that the plaintiff does not suffer from a severe mental impairment. It

14

is also ORDERED that the defendant's motion for summary judgment be DENIED IN PART and GRANTED IN PART.  Specifically, the defendant's motion for summary judgment is DENIED insofar as it claims that substantial evidence supports the Administrative Law Judge's determination that the plaintiff does not suffer from a severe mental impairment, and it is GRANTED insofar as it claims that substantial evidence supports the Administrative Law Judge's determination that sufficient jobs exist in the national and regional economies to accommodate the plaintiff's physical limitations identified in the Residual Functional Capacity assessment.  It is further ORDERED that the plaintiff's motion for summary judgment be DENIED IN PART and GRANTED IN PART.  Specifically, the plaintiff's motion for summary judgment is DENIED insofar as it claims that substantial evidence does not support the Administrative Law Judge's determination that sufficient jobs exist in the national and regional economies to accommodate the plaintiff's physical limitations identified in the RFC and it is GRANTED insofar as it claims that substantial evidence does not support the ALJ's determination that the plaintiff does not suffer from a severe mental impairment.  Pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g), this action is REMANDED to the Commissioner for further proceedings consistent with this opinion.  It is also further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 22, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE